In re Melvern L. **HAALAND**, Debtor.

Bankruptcy No. 87–08592–H7.

United States Bankruptcy Court,
S.D. California.

Aug. 5, 1988.

Ross M. Pyle, Peter L. Duncan, Jennings, Engstrand & Henrikson, San Diego, Cal., trustee.

Robert D. Middendorf, Alan J. Bot, Sullivan, Delafield, et al. San Diego, Cal., for Lawyers Mut. Ins.

James C. Mitchell, Mitchell & McEntyre, Encinitas, Cal., for debtor.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

At issue is whether a lawsuit for legal malpractice may be claimed exempt pursuant to Cal.Civ.Proc.Code § 704.140.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and

§ 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

## FACTS

On March 19, 1987, debtor filed for relief under Chapter 13 of the Bankruptcy Code. Debtor claimed a homestead exemption on his residence, which was being foreclosed upon. On September 22, 1987, the Chapter 13 proceeding was dismissed by order of the court. Debtor's attorney then advised that he would file a Chapter 7 proceeding, but that the filing could wait until after the foreclosing creditor had renoticed sale of the property. However, under California law, further notice was not required and the debtor's residence was foreclosed upon on September 30, 1987.

On November 25, 1987, debtor (now represented by another attorney) filed this Chapter 7 proceeding. On January 7, 1988, the trustee filed a report of no distribution, indicating that the case was a no asset case. The schedules and statements were subsequently amended on May 13, 1988, to include the legal malpractice claim against the debtor's former bankruptcy attorney and his insurer, Lawyers Mutual Insurance Company ("LMIC") for approximately $50,-000. Debtor claims that this cause of action is exempt in Schedule B–4 of his schedules under Cal.Civ.Proc.Code §§ 704.140, 703.140(b)(11)(D) and/or 704.910 et seq. The trustee objected to this claimed exemption. LMIC filed a response on behalf of the debtor, although it did not elaborate on its standing.

At the hearing on July 8, 1988, this court ruled that debtor was not entitled to exempt the cause of action under § 703.140(b)(11)(D) and § 704.910 et seq. This court took the question of whether the cause of action is exempt under § 704.140 as a "personal injury" action under submission and requested additional briefing. This is a matter of first impression.

## DISCUSSION

The debtor's legal malpractice claim is based on his former attorney's alleged fail-ure to timely file a Chapter 7 bankruptcy proceeding which debtor claims resulted in the foreclosure of his home and the loss of his homestead exemption. Debtor attempts to exempt this legal malpractice claim as a personal injury cause of action under section 704.140 of the California Civil Procedure Code. Section 704.140 provides, in pertinent part, as follows:

(a) [e]xcept as provided in Article V (commencing with § 708.140) of Chapter 6, a cause of action for personal injury is exempt without making a claim.

(b) Except as provided in subdivisions (c) and (d), an award of damages or a settlement arising out of *personal injury* is exempt to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor.

(c) Subdivision (b) does not apply if the judgment creditor is a provider of health care whose claim is based on the providing of health care for personal injury for which the award or settlement was made.

(d) * * * (emphasis added).

LMIC's argument that the malpractice action is exempt is essentially two-fold. First, LMIC asserts that there is strong public policy favoring the liberal granting of exemptions in general and homestead exemptions in particular. Debtor asserts that a holding that the proceeds of the malpractice suit are exempt would further the legislative intent of exempting proceeds which arise from otherwise exempt claims.

Debtor's argument is that since the language of California's alternative exemption section, Cal.Civ.Proc.Code § 703.140(b)(11)(D) uses the language "personal *bodily* injury," the omission of "bodily" in § 704.140 indicates that all actions which could be characterized as personal injury cases should be exempt. *See, Marsh v. Edwards Theatres Circuit, Inc.,* 64 Cal. App.3d 881, 891, 134 Cal.Rptr. 844 (1976).

While LMIC's suggestion that the legislative intent would be furthered if this court found that a malpractice action was a

personal injury under § 704.140 is an attractive one, standing alone, this court is not persuaded by LMIC's rationale. Similarly, this court is not persuaded by debtor's assertion that the omission of "bodily" from § 704.140 indicates a legislative intent to include all injuries which could be characterized as a personal injury. The § 703.140 exemptions are essentially a codification of 11 U.S.C. § 522, which adopts virtually the same language as that section of the Bankruptcy Code. On the other hand, the language in § 704.140 is a product of the state legislature. Therefore, the omission of the word "bodily" in § 704.140 is more likely an inadvertent omission rather than an expression of legislative intent.

Turning to the pertinent legislative history, § 704.140 is but one section of a major piece of legislation enacted in 1982 to revise the state law governing the enforcement of judgments. The legislation was introduced to effectuate a California Law Revision Commission ("Commission") Report proposing changes in the law governing the enforcement of judgments. Committee on Judiciary and Assembly Bills, AB 707 and 798, 1982 California Laws.

The Commission urged the addition of a new provision to exempt settlements or damage awards received by a judgment debtor on account of personal injuries. The Commission noted "(e)xisting law provides an exemption for insurance benefits for injury [§ 690.11 (disability and health insurance)] or death [§ 690.9 (life insurance); § 690.10 (group life insurance)] but does not exempt settlements or awards for personal injury of the judgment debtor." 15 *California Law Revision Comm'n* 2001, 2085 (1980). The Commission suggested amending the existing law to exempt settlement or damage awards to "the extent necessary for ... support...." 15 *California Law Revision Comm'n* at 2085.

The legislative history indicates the intent was only to afford the same exemption to personal injury claimants who obtained awards through litigation or settlement as those who claim an exemption for insurance benefits under former § 690.9–690.11. Former § 690.10 and § 690.11 provide for

an exemption only for health, disability or life insurance benefits. These benefits are only received when the beneficiary is physically injured or dies. The Commission's report indicates that the focus of the section was to provide parity to physically injured claimants whether they receive compensation through insurance, litigation or settlement. This intent is borne out by the section itself. The exemption granted in § 704.140(a) is limited by § 704.140(b) which provides that the exemption is only available for the amount of the damage award which is reasonably necessary to support the debtor and his dependents.

The legislative history to the section makes it clear that the legislature meant to protect damages which served as a substitute for lost future earnings of the debtor which were necessary to support him and his dependents because he was disabled and could no longer fully function in the work force. The Legislative Council Digest underscores this intent because it describes the personal injury exemption, § 704.140, the wrongful death exemption, § 704.150, and the strike benefits exemption, § 704.120, in the same manner:

This bill would create new exemptions, including exemption for damages for personal injury or wrongful death to the extent reasonably necessary for the support or, if paid in installments to the same extent as earnings of an employee, an exemption for strike benefits paid by a union.

1982 Summary Digest, Ch. 1364 (AB 707), p. 490.

Finally, subsection (c) of § 704.140 is illuminating in interpreting the term "personal injury." Section 704.140(c) states "[s]ubdivision (b) does not apply if the judgment creditor is a provider of health care whose claim is based on the providing of health care for the personal injury for which the award or settlement was made." This section essentially allows a health care provider, such as a hospital, to recover from a damages award in the otherwise exempt cause of action. Subsection (c) would be meaningless unless the "personal injury" which required health care was a *bodily*

848

injury. If so limited, the section recognizes a *quid pro quo* on behalf of the health care provider for its providing to the judgment debtor the required services necessary to treat the bodily injury.

The debtor seeks damages to compensate him for loss of his equity in real property due to a foreclosure, not compensatory damages for lost earnings of medical or other health care treatment due to a personal injury of a physical nature. This court concludes that the California legislature did not intend for § 704.140 to include injuries which were not of a physical nature. Therefore, the exemption is inapplicable to exempt debtor's interest in the legal malpractice claim.

## CONCLUSION

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankr.R. 7052. Counsel for the trustee is directed to file with this court an Order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.