**Melverne L. HAALAND, Appellant,**

v.

**CORPORATE MANAGEMENT, INC., Trustee, Appellee.**

Civ. No. 88–1440–B.

United States District Court, S.D. California.

Feb. 23, 1989.

James C. Mitchell, Mitchell & McEntyre, Encinitas, CA, for debtor Melverne L. Haaland.

Ross M. Pyle, Peter L. Duncan, Jennings, Engstrand & Henrikson, San Diego, CA, for Interim Trustee, Corporate Management, Inc.

Michael M. Anello, Wingert, Grebing, Anello and Chapin, San Diego, CA, for Lawyers Mut. Ins. Co. and its insured, N. Munro Merrick.

Robert D. Middendorf, Sullivan, Delafield, McDonald & Middendorf, San Diego, CA, special co-counsel for Lawyers Mut. Ins.

## MEMORANDUM DECISION

BREWSTER, District Judge.

### I. *BACKGROUND*

In March of 1987 the appellant Melverne L. Haaland and his wife fell behind in their home mortgage payments. Their lenders foreclosed on the delinquent loans and noticed a trustee's sale of the home for April of 1987. To prevent the loss of their home, in which Mr. Haaland claims they had over $40,000.00 in equity, the Haalands' former attorney filed a Chapter 13 bankruptcy, which created an automatic stay of the trustee's sale. At the same time, the Haalands placed the house on the market, hoping to sell it themselves, thus enabling them to pay off the lenders and salvage the equity in the property. On September 11, 1987, the Haalands recorded a Declaration of Homestead against the home under California Code of Civil Procedure § 704.910, et seq.

On September 22, 1987, the Chapter 13 bankruptcy was dismissed. The Haalands' attorney advised them that he would refile the case as a Chapter 7 proceeding, and that

the Haalands need not be concerned about the trustee's sale because it would have to be re-noticed. He assured them that filing of the Chapter 7 proceeding, which would again stay the trustee's sale, could wait until after re-noticing of the sale. He was mistaken. Under California law further notice was not required, and, when the Chapter 13 proceeding with its automatic stay was dismissed, the Haalands' home was sole without further notice at a trustee's sale on September 30, 1987. Although the declaration of homestead would have allowed the Haalands to retain up to $45,000.00 in equity on their home except as against a consensual lien on the property, they received nothing after the trustee's sale.

On November 25, 1987, a Chapter 7 bankruptcy was filed which was initially a no-asset case. Subsequently, Haaland hired a new attorney and filed a $50,000.00 legal malpractice claim with his former attorney's insurer to recover the value of the lost equity in the home. On May 15, 1987, Haaland amended his bankruptcy schedules to include the legal malpractice claim as an asset. He asserted that the claim was exempt, however, either as a claim for personal injury under California Code of Civil Procedure § 704.140, or under the homestead exemption provisions, § 704.910 et seq.

The Chapter 7 trustee, Corporate Management, Inc., objected to the Claim of Exemption, and a hearing was held on July 8, 1988. The bankruptcy court ruled that the malpractice claim could not be treated as either a homestead exemption or a personal injury exemption. A judgment was entered in favor of the trustee on August 16, 1988. Haaland appealed this judgment to the Bankruptcy Appellate Panel for the Ninth Circuit on August 26, 1988. The trustee objected to the referral to the Bankruptcy Appellate Panel, and the case was transferred to this court.

## II. *DISCUSSION*

The parties agree that this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A)–(B). This court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1334 and § 158(a).

▇▇ . We first note that the malpractice claim, although contingent and unliquidated, is clearly "property of the estate" within the scope of Title 11 U.S.C. § 541(a)(1), as interpreted by the Ninth Circuit. *Sierra Switchboard Co. v. Westinghouse Electric Corp.,* 789 F.2d 705 (9th Cir.1986). We further note that the order of the bankruptcy court, whether treated as a final order or an interlocutory order, is subject to appeal under the Ninth Circuit's liberalized rules of "finality" for bankruptcy decisions. *In re Mason,* 709 F.2d 1313, 1317 (9th Cir.1983); *In re Woodson Co.,* 813 F.2d 266 (9th Cir.1987); *In re Matter of Brissette,* 561 F.2d 779 (9th Cir. 1977).

### A. *Standard of Review*

▇▇ The bankruptcy court's findings of fact are to be reviewed under the clearly erroneous standard. Its conclusions of law are to be reviewed de novo. *In re Commercial Western Finance Corp.,* 761 F.2d 1329, 1333 (9th Cir.1985). *In re American Mariner Industries, Inc.,* 734 F.2d 426, 429 (9th Cir.1984). Mr. Haaland challenges the bankruptcy judge's finding that the malpractice claim is not exempt under either the homestead exemption, § 704.910 et seq., or the personal injury exemption, § 704.140. Since Mr. Haaland does not challenge any of the bankruptcy judge's findings of fact but only his conclusions of law, we must review the bankruptcy court's findings de novo.

### B. *Proceeds of the Legal Malpractice Action As Personal Injury Exemption*

▇ Bankruptcy Code, 11 U.S.C. § 522(b)(2), provides that a debtor may claim exemptions for property exempt under either state or federal law. When a debtor elects to claim an exemption under state law pursuant to this section, the bankruptcy court looks only to state law to determine the scope of that exemption. *In re Golden,* 789 F.2d 698, 700 (9th Cir.1986). The appellant seeks to exempt the proceeds of the malpractice claim, first, as a personal injury exemption pursuant to § 704.140 of the California Code of Civil Procedure. Although the bankruptcy court considered this issue extensively below and concluded that "personal injury" under

§ 704.140 means solely physical injury, we must address this question of law de novo.

The California Code does not define the scope of § 704.140. However, this section is part of a larger piece of legislation enacted in 1982 to revise the state law governing the enforcement of judgments. The California Law Revision Commission, in proposing this legislation, noted that the then existing law provided exemptions for insurance benefits for personal injury or death but did not exempt settlements or awards for the personal injury of a judgment debtor. The Commission suggested that the existing law be amended to exempt settlement or damage awards as it exempted insurance benefits.

Thus, the legislative history indicates that the intent behind this legislation was to afford the same exemption to personal injury claimants who obtain awards through litigation or settlement as those who claim an exemption for insurance benefits under former sections 690.9–690.11. The former sections allow exemption only for health, disability, or life insurance benefits received when the beneficiary is physically injured or dies. There is no indication that § 704.140, which directly tracks the preceding sections relating to health, disability, and life insurance and which was enacted in the precise form suggested by the Commission, was intended to be read more broadly than its predecessor sections in this regard.

■ The language of § 704.140 itself reinforces that the section was directed to bodily injury. Subsection (c) addresses the situation where the creditor is the health care provider who provided "health care for the personal injury." This infers that the legislature contemplated bodily injury rather than other types of injury such as loss of property. Further, subsection (b) states that the award or settlement is exempt only "to the extent necessary for the support" of the debtor and his family. This implies an intent to provide support to a debtor unable to work due to physical disability.

The appellant points out that a related law, § 703.140(b)(11)(D), uses the words "personal bodily injury" while § 704.140 uses only the words "personal injury." The appellant argues that, by omitting the word "bodily" in § 704.140, the legislature indicated that it intended this section to be given a broader reading. However, § 703.140(b)(11)(D) was enacted two years *after* the enactment of § 704.140. Moreover, a close reading of § 703.140 reveals that part (b)(11)(D) of that section was copied almost word for word from 11 U.S.C. § 522(d)(11). The use of the word "bodily" in § 703.140(b)(11)(D) appears to be attributable to a scribe's verbatim copying of the language of the federal statute rather than to any hidden intent on the part of the California legislature.

■ There is no authority which would support as broad an interpretation of the personal injury exemption as that urged by the appellant. Since the court finds that both the legislative history and the language of the statute are incompatible with such a broad construction, the bankruptcy court's order disallowing the exemption as a personal injury must be affirmed.

### C. Appellee's Argument That This Court Should Not Consider the Issue of Homestead Exemption

The appellee argues that this court should refuse to consider the issue of § 704.910 exemption since the appellant did not raise that issue in either his original or supplemental Memorandum of Points and Authorities submitted to the bankruptcy court. However, the appellant's amended schedules did claim an exemption under § 704.910, and, in response, the appellee briefed that issue in both its original and supplemental Memorandum of Points and Authorities submitted to the bankruptcy court. Further, the appellee is incorrect in its claim that the bankruptcy court did not consider the issue of the homestead exemption. The court specifically addressed the issue at the hearing and agreed with the appellee's position.

■ Even if the issue had not been raised at all in the bankruptcy court, however, it would be within this court's discretion to decide whether to hear it on appeal. The Ninth Circuit had held that, although a court generally should not consider on appeal arguments that the appellant failed to raise below, the application of this rule is discretion-

ary. *Abex Corporation v. Ski's Enterprises, Inc.,* 748 F.2d 513 (9th Cir.1984). The court may dispense with the waiver rule when "the question is a purely legal one that is both central to the case and important to the public." *In re Sells,* 719 F.2d 985, 990 (9th Cir.1983).

▪ The question at issue here is central to the appellant's case and is strictly a legal one—whether the proceeds of a malpractice action against an attorney responsible for a debtor's loss of his homestead rights fall within the homestead exemption, § 704.910 et seq. of the California Code of Civil Procedure. The appellee has made no claim that it would have developed its case or its facts differently had the appellant pursued this argument more vigorously below. Therefore, the court may properly consider this appeal of the bankruptcy court's finding.

### D. *Proceeds of the Legal Malpractice Action As Within the Definition of a Homestead Under California Law*

Since the homestead exemption, like the personal injury exemption, is claimed under California law, we look only to state law to determine its scope. The California statutory provisions affecting homesteads are located in Article 4 (§§ 704.710–704.850) and Article 5 (§§ 704.910–704.995) of Title 9, Division 2, Chapter 4 of the California Code of Civil Procedure. Article 4 provides for an "automatic" homestead, for which no recording is necessary. Article 5 provides for recorded declarations of homestead. The appellant's homestead falls under Article 5 because it was recorded.

▪ The narrow question before us is whether the California homestead exemption can be construed to include the proceeds of a malpractice claim for attorney negligence resulting in loss of homestead rights. This question appears to be one of first impression.

California Code of Civil Procedure § 704.-910, which in pertinent part defines a declared homestead as "the dwelling described in a homestead declaration" is of no assistance to our determination. Nor has the court found any case which sheds light on the

proper construction of the California homestead exemption in circumstances such as those before us. Section 704.960, however, provides for the reinvestment of the proceeds of a homestead in a new dwelling within six months after the date of a voluntary sale of the homestead, or within six months of receipt "of insurance *or other indemnification* for damage or destruction" of the homestead (emphasis added). This section follows the general intent of California's exemption laws which allow tracing of exempt money or property (*See* § 703.080), and allows the owner of a homestead, in the event of voluntary sale or accidental loss, to substitute one family home for another without losing the benefit of the exemption.

▪ California case law reveals that, unlike the personal injury exemption, the homestead exemption is intended to be read broadly with a construction strongly in favor of the debtor:

> The object of all homestead legislation is to provide a place for the family and its surviving members, where they may reside and enjoy the comforts of a home, freed from any anxiety that it may be taken from them against their will, either by reason of their own improvidence or from the importunity of their creditors.

*Thorsby v. Babcock,* 36 Cal.2d 202, 204–05, 222 P.2d 863 (1950). The United States Bankruptcy Appellate Panel for the Ninth Circuit recently affirmed that, since the law favors homesteads, exemptions are to be interpreted liberally and in the debtor's favor whenever possible. *In re Donald F. Cole,* 88 Daily Journal, D.A.R. 15425 (12/12/88) (citing *In re Anderson,* 824 F.2d 754, .759–60 (9th Cir.1987)). This is in accord with the congressional finding that "there is a federal interest in seeing that a debtor that goes through bankruptcy comes out with adequate possessions to begin his fresh start." House Report No. 95–595, 95th Congress, 1st Session, 126 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6087.

The appellee argues that the Legislative Committee Comments to § 704.960 (and its counterpart for undeclared homesteads, § 704.720(b)) reveal a legislative intent to limit the section to proceeds recovered for

literal damage or destruction to the homestead, since they indicate that *Houghton v. Lee,* 50 Cal. 101 (1975), a case which involved recovery of fire insurance proceeds on the homestead, is responsible for the addition of the insurance proceeds exemption to the statute. However, it is not clear that this meaning can be read into the Committee's comments since *Houghton v. Lee* is cited solely in reference to the exemption for insurance proceeds. The Comments make no reference at all to the "or other indemnification" language.

One matter of which the court is mindful is that a finding that the proceeds of this claim do not fall within the homestead exemption will have the inequitable consequence of allowing the appellant's creditors, who would have been prevented from attaching the protected homestead proceeds, to obtain a windfall by receiving the proceeds of the malpractice claim awarded to the appellant as direct compensation for the loss of his homestead. Such an anomalous result would run contrary to the policy underlying the homestead provisions.

The proceeds of the appellant's malpractice claim appear to fall squarely within the general scheme and spirit of California homestead protection, the underlying policy of which is to provide a home for the family to enable them to begin a fresh start. Mr. Haaland's attorney was hired to save the homestead, but instead his negligence caused its loss. The loss of the homestead through the foreclosure caused by the attorney's negligence is just as real a loss to the homeowner as if the homestead had simply burned down by fire. Under these circumstances, a narrow construction of the statute limiting the exemption to physical destruction of property would violate the spirit of the homestead provisions.

This court therefore holds that, under the narrow circumstances of this case, the proceeds of the malpractice claim fall within § 704.960 of the California homestead provisions as "indemnification for damage or destruction" of the homestead. The case is hereby remanded to the bankruptcy court for further proceedings consistent with this opinion.

IT IS SO ORDERED.