**In re Paul William GOSE, Jr.; Karri Sherrell Gose, Debtors.**

**Paul William Gose, Jr.; Karri Sherrell Gose, Appellants,**

v.

**Michael D. McGranahan, Chapter 7 Trustee, Appellee.**

**BAP No. EC–03–1373–MOBR.**

**Bankruptcy No. 01–92463–A–7.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Feb. 19, 2004.

Filed March 18, 2004.

Randall Walton, Friend & Walton, Modesto, CA, for Paul and Karri Gose.

Steven S. Altman, Modesto, CA, for Michael D. McGranahan, Chapter 7 Trustee.

Before: MONTALI, BRANDT, and

RIEGLE,[1] Bankruptcy Judges.

### OPINION

MONTALI, Bankruptcy Judge.

The debtors appeal an order sustaining the Chapter 7 trustee's objection to their claim of exemption. We AFFIRM and publish to explain the application of California's exemption of personal injury causes of action.

### I.

### FACTS

The facts of this case are not in dispute. Prior to filing bankruptcy on June 15, 2001, Debtor Karri Gose ("Ms. Gose" or, collectively with her husband Paul Gose, Jr., "Debtors") was the plaintiff in a state court medical malpractice lawsuit. When Debtors filed their chapter 7[2] petition, they claimed the medical malpractice cause of action as exempt pursuant to subsection (a) of California Code of Civil Procedure section 704.140 ("CCP § 704.140").[3] Appellee Michael D. McGranahan, the Chapter 7 trustee for Debtors' estate ("Trustee"), filed a timely objection to the exemption on June 19, 2001.

On August 30, 2001, Debtors and Trustee filed a stipulation deferring a hearing on the Trustee's objection to exemption until the medical malpractice claim was settled or adjudicated. The bankruptcy court entered an order approving that stipulation on August 31, 2001.

On April 1, 2003, the bankruptcy court entered an order approving a compromise between the estate and the defendant physician in the state court action. The estate received $150,000 in this settlement, and the court entered an order on April 3, 2003, approving payment of $55,948.29 of that amount to the estate's special counsel who prosecuted the malpractice action. Trustee is now holding $94,051.76 from the settlement.

On May 22, 2003, the bankruptcy court entered an order approving a stipulation in which Debtors and Trustee agreed to bifurcate the issues arising from Trustee's objection to the exemption. In particular, the parties stipulated that the bankruptcy court could first consider whether CCP § 704.140(a), as a matter of law, exempts the proceeds of the state court malpractice action in their entirety. In the event the bankruptcy court decided that the proceeds were not exempt in their entirety, the parties agreed to litigate later the issue of whether the proceeds were necessary for the support of Ms. Gose and her dependents and thus exempt under CCP § 704.140(b).

In light of the stipulation to bifurcate the issues, Debtors and Trustee submitted memoranda supporting their respective positions on whether the proceeds were fully exempt under CCP § 704.140(a).[4]

---

1. Hon. Linda B. Riegle, Bankruptcy Judge for the District of Nevada, sitting by designation.

2. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

3. Debtors also claimed the cause of action as exempt under California Code of Civil Procedure section 704.150(a), which exempts a cause of action for wrongful death. Debtors state in their opening brief that they used this exemption in case "the injuries sustained from [Ms. Gose's] doctor's malpractice resulted in death within six months of this chapter 7 case. Since this was not the case, [D]ebtors obviously abandon this exemption and rely solely on [CCP §] 704.140(a)." *Appellants' Opening Brief* at footnote 1.

4. Subsections (a) and (b) of CCP § 704.140 provide:

On July 8, 2003, the bankruptcy court held a hearing on Trustee's objection to exemption. The court held that under *In re Sylvester*, 220 B.R. 89 (9th Cir. BAP 1998), CCP § 704.140(a) did not exempt the medical malpractice action in its entirety; rather, Debtors were required to demonstrate under CCP § 704.140(b) that the proceeds from the action were necessary for their support. The court also granted Debtors' oral motion to certify its order for interlocutory appeal.

On July 11, 2003, the court entered an order sustaining Trustee's objection to exemption with respect to the bifurcated issue and certifying the matter for immediate appeal. Debtors filed a notice of appeal on July 16, 2003, and additionally filed a motion for leave to appeal. On August 14, 2003, we rejected the bankruptcy court's certification [5] but nonetheless entered an order granting leave to appeal the interlocutory order. *See* 28 U.S.C. § 158(a).

## II.

### ISSUE

Did the bankruptcy court err in determining that CCP § 704.140 requires Debtors to demonstrate that the proceeds of their medical malpractice claim are necessary for their support when they held a personal injury cause of action that was the subject of a pending lawsuit, though not reduced to settlement or judgment as of their petition date?

## III.

### STANDARD OF REVIEW

We review a bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *In re Jodoin*, 209 B.R. 132, 135 (9th Cir. BAP 1997). "The bankruptcy court's application of California exemption law is a question of statutory construction which we review de novo." *In re Sylvester*, 220 B.R. at 91.

## IV.

### DISCUSSION

A debtor may exempt certain property from his or her bankruptcy estate. 11 U.S.C. § 522(b). Under section 522(b), where the debtor's state has opted out of the federal exemption scheme, the debtor may exempt property pursuant to the relevant state law provisions. California has opted out of the federal exemptions and has provided debtors with a list of specific exemptions up to a maximum dollar amount. *See* CAL. CIV. PROC. CODE §§ 703.130 and 703.140; *In re Talmadge*, 832 F.2d 1120, 1122–23 (9th Cir.1987).

In particular, California permits a debtor to exempt personal injury causes of action, as well as damages or settlement awards arising out of personal injury.

(a) Except as provided in Article 5 (commencing with Section 708.410) of Chapter 6, a cause of action for personal injury is exempt without making a claim.
(b) Except as provided in subdivisions (c) and (d), an award of damages or a settlement arising out of personal injury is exempt to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor.

5. Unlike district judges, bankruptcy judges do not have authority to certify interlocutory orders for immediate appeal pursuant to 28 U.S.C. § 1292(b). They may, however, direct entry of a final judgment on one or more but fewer than all claims by complying with the requirements of Federal Rule of Civil Procedure 54(b), made applicable by Rule 7054. *See In re JWJ Contracting Co., Inc.*, 287 B.R. 501, 506 n. 7 (9th Cir. BAP 2002). Whether or not such a designation could have been made here, the bankruptcy court did not make the express determination required by Federal Rule of Civil Procedure 54(b).

Cal.Civ.Proc.Code § 704.140. CCP § 704.140(a) states that personal injury causes of action are "exempt without making a claim," except "as provided in Article 5 (commencing with Section 708.410) of Chapter 6." [6] *Id.* CCP § 704.140(b) limits the exemption "to the extent necessary for the support of the judgment debtor and spouse and the dependents of the judgment debtor." *Id.*

■ As of their petition date, Debtors held only a cause of action for personal injury; their personal injury lawsuit had not been settled or reduced to judgment. Because exemptions are fixed as of the petition date,[7] Debtors asserted an exemption under CCP § 704.140(a); they contend that CCP § 704.140(b) governs only claims that have been reduced to judgment or settlement as of the petition date and is thus inapplicable. Debtors further contend that a plain reading of subsection (a) shows that their personal injury claim is automatically exempt in its entirety, without the necessity of demonstrating that the proceeds of any such claim are necessary for their support.

In response, Trustee argues that CCP § 704.140(a) and 704.140(b) are not mutually exclusive and that subsection (b) supplements subsection (a). He also contends that subsection (a) is ambiguous and that it merely allows a debtor to exempt a cause a action "without making a claim" but does not exempt such a cause of action in its entirety. Trustee relies on the legislative history of CCP § 704.140 and argues that even when a debtor asserts his exemption under subsection (a), he is required to demonstrate that any recovery from his personal injury action is necessary for his support.

## A. *Sylvester*

Citing *Sylvester*, the bankruptcy court held that "[CCP §] 704.140(a) does not insulate a personal injury award in its entirety, even though it had not been reduced to an award of damages or a settlement as of the time of the filing." In *Sylvester*, a debtor alleged that he had settled a previous action against his former employer for wrongful termination, harassment, emotional distress and other claims and that his former attorney (who had represented him in the action against the former employer) had wrongfully retained the settlement funds. He filed a malpractice action (not a personal injury action) against the attorney, alleging misappropriation of funds and breach of fiduciary duty. The debtor later filed a chapter 7 petition and claimed a personal injury exemption under CCP § 704.140 in the proceeds of the malpractice action because "the funds to be recovered are proceeds from the $825,000 settlement for personal injury." *Sylvester*, 220 B.R. at 90–91. When the debtor in *Sylvester* filed his bankruptcy petition, he merely held a malpractice claim against his former attorney; the malpractice claim had not been reduced to judgment or settlement. *Id.*

The bankruptcy court sustained the trustee's objection to the exemption, holding that the legal malpractice action did not involve a personal injury claim. The *Sylvester* panel reversed, holding that the

---

**6.** The relevant sections (CCP §§ 708.410 through 708.480) permit a judgment creditor of a judgment debtor who is a party to a pending action to obtain a lien in that debtor's cause of action. These sections establish the procedures for obtaining such a lien.

**7.** *See In re Kim*, 257 B.R. 680, 685 (9th Cir. BAP 2000), *aff'd*, 35 Fed.Appx. 592 (9th Cir. 2002) (debtor's exemption rights are determined as of the petition date; "any post-petition disposition of the property or post-petition change in the identity of the property has no impact upon the exemption analysis").

portion of the debtor's malpractice action attributable to misappropriation of settlement funds awarded for emotional distress could be claimed as exempt under CCP § 704.140. *Id.* at 91–93 ("As such, that portion of the [d]ebtor's recovery against his attorney which is attributable to misappropriation of personal injury funds is exempt if the [d]ebtor is able to demonstrate that it is necessary for his support"). The *Sylvester* panel remanded the matter so that the bankruptcy court could determine what portion of the funds allocated to the personal injury recovery were necessary for debtor's support. *Id.* The *Sylvester* panel stated:

> Thus, the Debtor must meet two criteria before an exemption pursuant to CCP § 704.140 may be taken. First, the funds sought to be exempted must arise as a result of "personal injury." *Second, the funds are only exempt "to the extent necessary for the support" of the Debtor.*

*Id.* at 91 (emphasis added). In making this statement and in deciding to remand for a determination of whether personal injury funds were necessary for the debtor's support, the panel quoted CCP § 704.140(b). *Id.* Assuming that—as Debtors contend here—subsection (a) and subsection (b) of CCP § 704.140 are mutually exclusive, the debtor's claim of exemption in *Sylvester* should have fallen within the ambit of subsection (a), because his malpractice claim had not been reduced to judgment or settlement as of the petition date. Nevertheless, the *Sylvester* panel applied subsection (b) and required the debtor to show that any personal injury recovery be necessary for his support.

Applying *Sylvester*, the bankruptcy court here held that Debtors had to demonstrate that any recovery from their medical malpractice action was necessary for support. We believe the bankruptcy court placed too much weight on *Sylvester*, since

the case is distinguishable and since the *Sylvester* panel's language requiring a showing of necessity for support was extraneous to the issue being decided. The issue in *Sylvester* was whether the debtor's legal malpractice action constituted a claim for personal injury. The *Sylvester* court simply did not address the issue of whether subsection (a) of CCP § 704.140 requires a showing of necessity; it did not analyze the interplay between subsections (a) and (b) of CCP § 704.140 at all. In any event, while both the medical malpractice action here and the legal malpractice action in *Sylvester* were pending as of the petition dates, this similarity is irrelevant. The underlying state court malpractice claim in *Sylvester* was not a personal injury claim; rather, the debtor claimed a personal injury exemption in the funds to be recovered as proceeds of the earlier personal injury action. Therefore, *Sylvester* is distinguishable factually.

Nevertheless, although we do not believe that *Sylvester* answers the question presented to us, we do think the bankruptcy court's decision here (and the dicta in *Sylvester*) was ultimately correct. As discussed below, we agree with Trustee that CCP § 704.140(a) is ambiguous; that subsection negates (with certain exceptions) the need to make a formal claim to exempt a cause of action for personal injury. It does not state, however, that such a cause of action is exempt in its entirety; rather, subsection (b) indicates that proceeds from such causes of action are exempt only to the extent that they are necessary for the support of a debtor and his dependents. In light of this ambiguity, we must review the legislative history of CCP § 704.140, which supports Trustee's interpretation of subsection (a).

B. *Legislative History and Other Case Law*

In *In re Haaland,* 89 B.R. 845 (Bankr. S.D.Cal.1988), *remanded and aff'd in rele-*

*vant part,* 172 B.R. 74 (S.D.Cal.1989), a bankruptcy court reviewed the legislative history of CCP § 704.140. After observing that CCP § 704.140 was enacted to "provide parity to physically injured claimants whether they receive compensation through insurance, litigation, or settlement," *id.* at 847, the *Haaland* court observed: *"The exemption granted in [CCP] § 704.140(a) is limited by [CCP] § 704.140(b)* which provides that the exemption is only available for the amount of damage award which is reasonably necessary to support the debtor and his dependents." *Id.* (emphasis added); *see also In re Smith,* 119 B.R. 757, 759 (Bankr. E.D.Cal.1990) ("'[u]nder applicable California law, *a cause of action for personal injury is, generally, automatically exempt without making a claim (C.C.P. § 704.140(a))* to the extent necessary for the support of the judgment debtor and his or her spouse and dependents (C.C.P. § 704.140(b))*") (emphasis added).

These observations by the *Haaland* and *Smith* courts are supported by the legislative history to CCP § 704.140. For example, the 1981–82 Summary Digest of the California Legislature states that "[t]his bill would create new exemptions, including an exemption for damages for personal injury or wrongful death to the extent reasonably necessary for support or, if paid in installments, to the same extent as earnings of an employee ..." 1982 Summary Digest, Ch. 1364 (AB 707), p 491; *see also* Legislative Counsel's Digest to AB 707 introduced by Assemblyman McAllister on March 2, 1981 (using same language). In other words, the California legislature intended to allow a debtor to exempt personal injury claims and proceeds since such claims were not explicitly exempted in prior legislation. Moreover, it intended for such exemptions to be limited to the amount reasonably necessary for the debtor's support.

Similarly, the Reports, Recommendations, and Studies of the California Law Revision Commission indicated that the exemption for personal injury claims and proceeds were to be limited to the amount necessary for support; the legislature did not intend to create two classes of exemptions with different treatments:

Existing law provides an exemption for insurance benefits for injury or death but does not exempt settlements or awards for the personal injury of the judgment debtor. The proposed law provides an exemption for a settlement or award arising out of the personal injury of the judgment debtor to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor. This exemption would not apply when the judgment creditor provided health care for the personal injury for which the settlement or award was made.

*See* 15 Cal. L. Revision Comm'n Reports, p. 2085 (1980).

The *Haaland* court's analysis of the legislative history is illustrative:

The Commission urged the addition of a new provision to exempt settlements or damage awards received by a judgment debtor on account of personal injuries. The Commission noted '(e)existing law provides an exemption for insurance benefits for injury [§ 690.11 (disability and health insurance) ] or death [§ 690.9 (life insurance); § 690.10 (group life insurance) ] but does not exempt settlements or awards for personal injury of the judgment debtor.' 15 *California Law Revision Comm'n* 2001, 2085 (1980). *The Commission suggested amending the existing law to exempt settlement or damage awards to 'the extent necessary for ... support....'* 15

48

*California Law Revision Comm'n* at 2085.

The legislative history indicates the intent was only to afford the same exemption to personal injury claimants who obtained awards through litigation or settlement as those who claim an exemption for insurance benefits under former § 690.9–690.11. Former § 690.10 and § 690.11 provide for an exemption only for health, disability or life insurance benefits. These benefits are only received when the beneficiary is physically injured or dies. The Commission's report indicates that the focus of the section was to provide parity to physically injured claimants whether they receive compensation through insurance, litigation or settlement. This intent is borne out by the section itself. *The exemption granted in § 704.140(a) is limited by § 704.140(b) which provides that the exemption is only available for the amount of the damage award which is reasonably necessary to support the debtor and his dependents.*

*Haaland,* 89 B.R. at 847 (emphasis added).

■ Like the *Haaland* and *Smith* courts, we believe that the California Legislature did not intend CCP § 704.140(a) to exempt personal injury claims in their entirety, without reference to necessity for support. Rather, we believe that subsection (a) merely allows a debtor to exempt personal injury claims without having to make a formal claim. Subsections (a) and (b) are not mutually exclusive; subsection (b) *defines* the scope of exemption identified in subsection (a). Therefore, the bankruptcy court did not err in reading

the subsections together; both provisions govern the exemption in the personal injury claim. The bankruptcy court correctly required Debtors to demonstrate that the settlement proceeds from the malpractice action are necessary for their support.[8]

## V.

## CONCLUSION

In light of the foregoing, we AFFIRM.

---

8. In light of this holding, we do not need to address Trustee's additional argument that Debtors are required to follow the procedures outlined in CCP §§ 708.450, 703.520, and 703.530 to claim a personal injury exemption because Trustee is a hypothetical lien creditor and the exception set forth in CCP

§ 704.140(a) is thus applicable. We do note, however, that "[w]hile we must and do apply California substantive exemption law, we will not try to overlay California procedural devices into the bankruptcy exemption/objection process." *Kim,* 257 B.R. at 687.