# United States Bankruptcy Appellate Panel

## FOR THE EIGHTH CIRCUIT

-----

No. 11-6068

-----

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Karolyn Joyce Bryan | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Karolyn Joyce Bryan, | * | Appeal from the |
| | * | United States |
| Debtor - Appellant, | * | Bankruptcy Court for the |
| | * | Western District of Missouri |
| v. | * | |
| | * | |
| Janice E. Stanton, | * | |
| | * | |
| Trustee - Appellee. | * | |

-----

Submitted: February 21, 2012
Filed: March 21, 2012
(Filing Date Corrected on March 22, 2012)

-----

Before KRESSEL, Chief Judge, SCHERMER and SALADINO, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

The debtor, Karolyn Joyce Bryan (the "Debtor"), appeals an order of the United States Bankruptcy Court for the Western District of Missouri,[1] sustaining the objection of the Chapter 7 trustee, Janice E. Stanton (the "Trustee"), to her claimed exemption of her interest in an annuity. We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUES

We consider the threshold issue of whether *res judicata* barred the Debtor from seeking an exemption in the Annuity under MO. REV. STAT. §§513.430.1(7), 377.330 and 377.090. Next, we determine whether §§513.430.1(7), 377.330 or 377.090 allow the Debtor to exempt her interest in an annuity.[2] We conclude that: (1) *res judicata* applied to the Debtor's claim of an exemption; and (2) even if *res judicata* did not apply, the bankruptcy court properly disallowed the Debtor's claimed exemption.

## BACKGROUND

On January 29, 2010, the Debtor filed a petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"). On August 23, 2010, the Debtor's case was converted to a Chapter 7 case and, thereafter, the Trustee was appointed. In 1993, the Debtor purchased from an insurance company (the

---

[1] The Honorable Dennis D. Dow, Chief United States Bankruptcy Judge for the Western District of Missouri.

[2] The Debtor does not specifically refer to §513.430.1(7) in her briefs. However, the Trustee analyzes whether the annuity was exempt under §513.430.1(7) in her brief in connection with her argument that the annuity was not insurance. We consider the bankruptcy court's decisions under §§513.430.1(7), 377.330 and 377.090.

"Company")[3] a non-qualified deferred variable annuity (the "Annuity") for $30,000. The Debtor has made no contribution to her Annuity since making her $30,000 contribution in 1993. Payments to the Debtor under the Annuity contract begin in 2033.

The Debtor's Schedule C, reflecting her claimed exemptions, has been amended several times since it was originally filed in her Chapter 13 case. The original order of the bankruptcy court overruling the Debtor's claim of an exemption was entered on June 4, 2010. The bankruptcy court entered orders sustaining objections to the Debtor's claim of an exemption for her interest in the Annuity under MO. REV. STAT. §§413.530.1(10)(e) and (f). In February 2011, the Debtor amended her Schedule C in her Chapter 7 case to claim an exemption for her interest in the Annuity under "RSMO §513,430.1(10)(e)[,] RSMo §§377.090, 377.330, 376.530, 376.550, 376.560." The Trustee objected to this claim of an exemption in the Annuity by the Debtor, making arguments regarding the inapplicability of §§377.090 and 513.430(10)(e). In her response to the Trustee's objection, the Debtor argued that the Annuity was exempt under §§513.430.1(7), 513.430.1(10) and 377.090, including an argument that the Annuity should be governed as life insurance, even though she had not claimed an exemption under §513.430.1(7) in her Schedule C. The bankruptcy court held a hearing in April 2011 and entered an order (the "April Order"), sustaining the Trustee's objection to the Debtor's claim of an exemption in the Annuity. The Debtor did not appeal the bankruptcy court's April 2011 Order.

Instead, the Debtor amended her Schedule C again in April 2011, this time claiming an exemption for her interest in the Annuity pursuant to "RSMo §

---

[3]     The Debtor has referred to the insurance company using different names, some of which are different from the name listed on the Annuity contract.

513.430(7). . . RSMo §§377.090, 377.330, RSMo [§§]377.090 & 377. 335. . . ."[4] In its September 2, 2011 Memorandum Opinion and Order that is the subject of this appeal (the "September Order"), the bankruptcy court described the Debtor's claim as one in which "the Annuity is exempt as life insurance under §513.430.1(7) of the Missouri Revised Statutes and that the Annuity cannot be seized under §§377.090 and 377.330."

In June 2011, the bankruptcy court conducted a hearing on the Debtor's April 2011 claim of an exemption in the Annuity. At the June 2011 hearing, the bankruptcy court stated that at the April hearing it "did say that life insurance is life insurance and an annuity is an annuity. . . ." The bankruptcy court also stated that §513.430.1(7) was not relevant. It identified as the questions that remained unanswered whether the Annuity is exempt under §§377.330 and 377.090. The court then identified open issues with respect to these questions: (1) whether the Annuity is the kind of policy described in §§377.330 and 377.090 and whether the Company was authorized to do business as one of the companies identified under these statutes; and (2) whether §§377.330 and 377.090 are exemption statutes after *Benn v. Cole (In re Benn)*, 491 F.3d 811 (8th Cir. 2007). The court allowed the parties additional time to submit briefs and evidence, and a copy of the Annuity was provided to the bankruptcy court as an exhibit to the Trustee's brief. On September 2, 2011, the bankruptcy court entered the September Order, sustaining the Trustee's objection to the Debtor's claim of an exemption for her interest in the Annuity.

**STANDARD OF REVIEW**

We review findings of fact for clear error and conclusions of law *de novo*. *Grimlie v. Georgen–Running (In re Grimlie)*, 439 B.R. 710, 715 (B.A.P. 8th Cir. 2010) (citation omitted).

---

[4] The reference to MO. REV. STAT. §377.335 appears to be an error because §377.335 is not a part of the Missouri Revised Statutes.

**DISCUSSION**

"[M]ost assets become property of the estate upon the commencement of the bankruptcy case, *see* 11 U.S.C. §541, and exemptions represent the debtor's attempt to reclaim those assets or, more often, certain interests in those assets, to the creditors' detriment." *Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)*, 432 B.R. 812, 820 (9th Cir. BAP 2010)(quoting *Schwab v. Reilly*, 130 S.Ct. 2652 (2010)). Claims of exemptions are to be construed liberally in favor of the exemption. *Norwest Bank Neb., N.A. v. Tveten (In re Tveten)*, 848 F.2d 871, 875 (8th Cir.1988). The Trustee bears the burden of proving that the Debtor did not properly claim the exemption. *See* Fed. R. Bankr.P. 4003(c). Therefore, "[i]f the Trustee meets his burden to produce evidence in support of the objection, the burden of production shifts to the debtor to show that the claimed objection is proper." *Danduran v. Kaler (In re Danduran)*, 657 F.3d 749, 754 (8th Cir. 2011) (citations omitted). "[I]f the objecting party fails to produce evidence in support of the objection, any factual issue must be resolved in favor of the debtor." *Id*. (citations omitted). The Trustee has the burden of persuasion. *Id*.

The Bankruptcy Code allows a debtor to exempt: (1) property listed in Bankruptcy Code §522(d); or (2) property which is exempt under applicable state law and federal law other than §522(d). 11 U.S.C. §522(b)(1). A state may opt out of the §522(d) federal bankruptcy law exemptions. 11 U.S.C. § 522(b)(2). Pursuant to MO. REV. STAT. §523.427, Missouri has opted out of the federal bankruptcy law exemption scheme. The Debtor claimed an exemption under three Missouri statutes, MO. REV. STAT. §§513.430.1(7), 377.330 and 377.090.

We, therefore, consider the bankruptcy court's decision sustaining the Trustee's objection to the Debtor's claim of an exemption for her interest in the Annuity pursuant to the three Missouri statutes cited by the Debtor. Section 513.430.1(7) provides a list of property that "shall be exempt from attachment and execution" including "[a]ny one or more unmatured life insurance contracts owned

-5-

by such person, other than a credit life insurance contract." MO. REV. STAT. §513.430.1(7).

Section 377.330 states that:

> The money or other benefit, charity, relief or aid to be paid, provided or rendered by any corporation authorized to do business under sections 377.200 to 377.460, shall not be liable to attachment or other process, and shall not be seized, taken or appropriated or applied by any legal or equitable process, nor by operation of law, to pay any debt or liability of a policy of a certificate holder, or of any beneficiary named in a policy or certificate.

MO. REV. STAT. §377.330. It applies to money and benefits from a "stipulated premium" life insurance company.

Section 377.090 contains language identical to §377.330, except that it pertains to money and benefits from an "assessment plan" life insurance company, rather than a "stipulated premium" life insurance company. MO. REV. STAT. §377.090.

## I.   *Res Judicata*

"We may affirm the bankruptcy court's order on any basis supported by the record, even if that ground was not considered by the trial court." *Cawley v. Celeste (In re Athens/Alpha Gas Corp.)*, 463 B.R. 883, 886-87 (B.A.P. 8th Cir. 2012) (quoting *Mid–City Bank v. Skyline Woods Homeowners Assoc. (In re Skyline Woods Country Club, LLC)*, 431 B.R. 830, 836 n. 16 (B.A.P. 8th Cir. 2010) (citation therein), *aff'd*, 636 F.3d 467 (8th Cir. 2011)). We affirm the decision of the bankruptcy court based on application of *res judicata*.

*Res judicata* prevents "the relitigation of a claim on grounds that were raised or could have been raised in the prior suit." *Banks v. Int'l Union Elec.*, 390 F.3d 1049, 1052 (8th Cir. 2004) (quoting *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990) (citation omitted)). Relitigation of a claim is barred under *res judicata* where "a final judgment was entered by a court of competent jurisdiction, if the same parties (or their privies) and the same cause of action are involved." *Ladd v. Ries (In re Ladd)*, 450 F.3d 751, 753 (8th Cir. 2006) (citation omitted). A claim is barred "if it arises out of the same nucleus of operative facts as the prior claim." *Banks*, 390 F.3d at 1052 (quoting *Lane*, 899 F.2d at 742 (citations omitted)). "[W]here a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by a defendant's conduct, *res judicata* will still bar the second claim if it is based on the same nucleus of operative facts as the prior claim." *Banks*, 390 F.3d at 1052-53 (quoting *Lane*, 899 F.2d at 744).

*Res judicata* barred the Debtor from claiming exemptions under §§413.520.1(7), 377.330 and 377.090. Before the bankruptcy court entered the September Order, it entered final orders, including the April Order, sustaining the Trustee's objections to the Debtor's claim of an exemption for her interest in the Annuity under various Missouri statutes. The parties to the September Order are the same parties to the bankruptcy court's April Order and the prior orders denying the Debtor's request for an exemption in the Annuity. The Debtor could have, and should have, litigated the issues related to her claim of exemptions under all of the Missouri statutes that she alleges are exemption statutes before the bankruptcy court entered its previous orders. These claims share a common nucleus of operative fact in that they involve an interpretation of the Annuity and the Debtor's rights thereunder.

Moreover, at the June 2011 hearing that led to the September Order, the bankruptcy court rejected the Debtor's claim of an exemption under §513.430.1(7), noting that at the April 2011 hearing it already "did say that life insurance is life

insurance and an annuity is an annuity. . . .," which was one of the bases for the bankruptcy court's September Order and an issue that we consider in this case. We also note that two of the statutes upon which the Debtor relied for her April 2011 claim of an exemption that led to the bankruptcy court's September Order, §§ 377.330 and 377.090, were already listed by the Debtor in her February 2011 Schedule C as bases for an exemption.[5]

We acknowledge the decision in *Ladd v. Ries (In re Ladd)*, 450 F.3d 751 (8th Cir. 2006), in which the Eighth Circuit ruled that *res judicata* did not bar the debtors from amending their bankruptcy schedules to claim their farm as exempt property under Minnesota law, after the bankruptcy court had disallowed the debtors' claim of an exemption in the farm under bankruptcy law. The *Ladd* decision is distinguishable because that case concerned the debtors' claim of a state homestead exemption after the debtors had been denied an exemption under bankruptcy law by default, and the issues of fact to be determined in *Ladd* were different under the state and federal exemptions. Here, the Debtor cites to similar, and sometimes the same, state statutes, trying to claim the Annuity as exempt. The Annuity has not changed since the Debtor's first attempt to claim it as exempt. We also note that even though a party could not claim the same property as exempt under state law and Bankruptcy Code exemptions at the same time, the Debtor could (and did) claim the Annuity as exempt under multiple state statutes at once. *See* 11 U.S.C. §522(b)(1).

## II.    Debtor's claim of an exemption for her interest in the Annuity pursuant to MO. REV. STAT.§§513.430.1(7), 377.330 and 377.090

We also affirm the bankruptcy court's decision on the bases that: (1) the bankruptcy court properly determined that the record does not show that the Company was "authorized to do business" as a stipulated premium" or "assessment plan"

---

[5]     The bankruptcy court's April Order states that "the issues were tried and the Court announced its decision on the record."

insurance company, as is required for §§377.330 and 377.090 to apply to the Annuity; and (2) the Annuity is not insurance, as is required for any of the three statutes.

### A. Sections 377.330 and 377.090 do not apply to the Annuity because the record does not show that the Company is "authorized to do business" under §§377.200 to 377.460 or §§377.010 to 377.190

The bankruptcy court properly sustained the Trustee's objection to the Debtor's claim of an exemption in the Annuity under §§377.330 and 377.090 because those statutes do not apply to the Annuity. Specifically, we agree with the bankruptcy court's determination that there was no evidence that the Company that would make payment on the Annuity is "authorized to do business" as a "stipulated premium" insurance company under §§ 377.200 to 377.460 or as an "assessment plan" insurance company under§§377.010 to 377.190, as is required by §§377.330 or 377.090, respectively.

To support her position that the Company was authorized to do business under §377.200 to 377.460 as a stipulated premium company (and, therefore, that §377.330 applies), the Debtor refers to the public records of the National Association of Insurance Commissioners. According to the Debtor, these records show that the Company is authorized to issue all types of annuity policies in Missouri and, therefore, the Company (and presumably the Annuity) is "protected by Section 377.330. . . ." As the bankruptcy court correctly found when it assigned "little, if any, probative value" to the public records to which the Debtor refers, these records could show only that the Company is actively licensed to "sell 'Life and Health' insurance products under 'Ch 376 & 377, RSMo.'" It does not follow from these records that the Company was authorized to do business as a stipulated premium insurance company. The Debtor argues further that, based on her comparison of the Annuity's terms to the statutory requirements for a policy issued by a stipulated premium insurance company, the Annuity is a policy issued by a stipulated premium insurance

company.  But it does not appear that the Debtor presented this argument to the bankruptcy court and, in any event, the Debtor's argument is unconvincing.

Our decision is further supported by commentary regarding §§377.330 and 377.090 in the Journal of the Missouri Bar.  *See* Keith A. Herman, *Using Life Insurance for Asset Protection.  What is Really Protected?*, 68 J. MO.BAR, 14, 16 (2012).  This article points out that §§377.330 and 377.090 "only apply to very specific types of life insurance . . ." *Id*. at 18.  In addition, the article states that there are not any domestic stipulated premium plan life insurance companies, and only two domestic assessment plan insurance companies, that currently conduct business in Missouri.[6]  *Id.* (citing MO. INSURANCE PRACTICE §3.7 (MoBar Supp. 2010)  MO. INSURANCE PRACTICE §3.8 (Mo Bar 5th ed. 2004, 2010)). Likewise, the article points us to §377.020.4, which states that an insurance company could not be organized "to do business on the assessment plan under the provisions of sections 377.010 to 377.190" after September 1, 1953.  MO. REV. STAT. §377.020.4.  And §377.199 provides that stipulated premium plan life insurance company could not be "organized or incorporated under the provisions of sections 377.200 to 377.460" after 1959.  MO. REV. STAT. §377.199.  The rarity and specificity of stipulated premium and assessment plan insurance polices in Missouri, therefore, support our decision that the Annuity is not within the scope of §§377.330 and 377.090.

**B.**     **Sections 513.430.1(7), 377.330 and 377.090 do not apply to the Annuity because the Annuity is not insurance**

For many of the same reasons set forth by the bankruptcy court, we hold that none of the three statutes cited by the Debtor in her Schedule C, §§513.430.1(7), 377.330 and 377.090, apply to the Annuity because these statutes apply to insurance and the Annuity is not insurance.

---

[6]     The Debtor identified the Annuity's issuer as a foreign company doing business in Missouri.  Even if the issuer is a foreign, rather than a domestic, company, the article supports a position that these policies are specific and rare.

By its terms, §513.430.1(7) applies only to "unmatured life insurance contracts." As the bankruptcy court aptly noted, "the term 'annuity' is conspicuously missing." Likewise, §§377.300 and 377.090 apply to insurance. Even though the text of neither §377.330 nor §377.090 specifically mentions insurance, these statutes refer to corporations that are authorized to do business under §§377.200 to 377.460 or §§377.010 to 377.190. Section 377.200 sets forth which companies "shall be deemed to be engaged in the business of *life insurance* upon the stipulated premium plan." MO. REV. STAT. §377.200 (emphasis added). Section 377.010 sets forth which contracts "shall be deemed a contract of *insurance* upon the assessment plan." MO. REV. STAT. §377.010 (emphasis added). In addition, as the bankruptcy court noted, the title of the Chapter of the Missouri Statutes where §§377.330 and 377.090 are found is called "Assessment Plan and Stipulated Premium Plan Life Insurance," and the subtitles of these statutes also show that the statutes concern life insurance.

The Annuity is not insurance under the relevant statutes. We agree with the bankruptcy court's determination that, even though there are similarities between life insurance contracts and annuities, the two are quite different. These differences are shown by the Annuity at issue here. And the record simply does not show that the annuity is insurance. The bankruptcy court correctly pointed out that whereas a life insurance contract is normally funded in regular intervals and is payable at death, the Annuity was funded only at its inception and it is payable at a pre-determined date. The mere fact that the Annuity was issued by an insurance company was insufficient to make the Annuity life insurance.

We find persuasive the bankruptcy court's reference to the Supreme Court's analysis in *Nationsbank of North Carolina, N.A. v. Variable Annuity Life Ins. Co.*, 513 U.S. 251 (1995). Even though the holding in *Nationsbank* was limited to the facts of that case, *Nationsbank* supports the position that annuity and a life insurance contract are not presumed to be the same. As part of its analysis of whether annuities are classified as insurance under a separate statutory regime, the Court in

-11-

*Nationsbank* rejected arguments that annuities could be classified as insurance because they are often regulated as insurance and have been sold by insurance companies. *Id*. at 260. It recognized that even though "[s]tates generally classify annuities as insurance when defining the powers of insurance companies and state insurance regulators[,] . . . in diverse settings, States have resisted lump classifications of annuities as insurance." *Id.* In addition, the Court noted that "the sale of a product by an insurance company does not inevitably render the product insurance." *Id*.

The bankruptcy court provided a thorough analysis of why case law cited by the Debtor does not support a determination that annuities are life insurance contracts. It also stated why policy considerations and principles of statutory construction support the Trustee's position that §§377.330 and 377.090 do not apply to annuities. We agree with the bankruptcy court's analyses in these respects.

### C.      Whether §§377.330 and 377.090 are exemption statutes is not relevant to our decision

The bankruptcy court and the parties devoted a significant portion of their analyses to the issue of whether §§377.330 or 377.090 is an exemption statute. In light of our determination that §§377.330 and 377.090 do not apply to the Annuity, we do not address whether they are exemption statutes. However, in response to an argument by the Debtor that the Missouri Court of Appeals's decision in *Russell v. Healthmont of Missouri, LLC*, 348 S.W.3d 784 (Mo.Ct. App. W.D. 2011), "negates application of *stare decisis*" to the holding in the Eighth Circuit case, *Benn v. Cole (In re Benn)*, 491 F.3d 811 (8th Cir. 2007), we note that the precedential effect of *Benn* on this Court was not affected by the *Russell* decision.

### CONCLUSION
For the reasons set forth herein, we AFFIRM the decision of the bankruptcy court.