**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE: LENORE L. ALBERT, ESQUIRE,
*Debtor*,

LENORE L. ALBERT, ESQUIRE, AKA
Lenore L. Albert-Sheridan, DBA Law
Offices of Lenore Albert,
*Appellant*,

v.

JEFFREY IAN GOLDEN, Chapter 7
Trustee,
*Appellee*.

No. 20-60006

BAP No.
19-1027

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Spraker, Gan, and Taylor, Bankruptcy Judges, Presiding

Submitted February 10, 2021[*]
Pasadena, California

Filed June 10, 2021

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  Richard C. Tallman, Consuelo M. Callahan, and
Kenneth K. Lee, Circuit Judges.

Opinion by Judge Callahan

---

# SUMMARY[**]

---

## Bankruptcy

The panel affirmed the Bankruptcy Appellate Panel's decision affirming the bankruptcy court's rejection of a debtor's attempt to exempt two assets from her estate.

Debtor petitioned for Chapter 13 bankruptcy and sought to exempt from her estate counterclaims she had filed in state court against Ford Motor Credit Company, as well as accounts receivable from former clients.  The bankruptcy court sustained the objections of the Chapter 13 trustee and Ford on the grounds that the counterclaims and accounts receivable failed to satisfy California's exemption laws, and debtor did not timely appeal those rulings.  The bankruptcy court converted the Chapter 13 proceeding to Chapter 7 and appointed a new trustee.  Debtor amended her exemptions, and the trustee objected that the amended exemptions were identical to those the court had previously rejected and that, as a result, the doctrines of issue and claim preclusion barred their relitigation.  The bankruptcy court denied the amended exemptions, and the BAP affirmed.

---

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

The panel held that bankruptcy courts can deny exemptions simply because they have denied the same exemptions before. The panel held that *Law v. Siegel*, 571 U.S. 415 (2014) (bankruptcy courts' equitable powers must yield to the Bankruptcy Code's more specific mandates), does not bar courts from denying exemptions on the judicially created doctrines of issue and claim preclusion where, as here, the debtor is not statutorily entitled to the exemptions. The panel further held that the bankruptcy court properly disallowed debtor's exemptions on issue preclusion grounds.

## COUNSEL

Lenore L. Albert, pro se, Westminster, California, for Appellant.

Eric P. Israel, Aaron E. de Leest, and Sonia Singh, Danning, Gill, Israel & Krasnoff, LLP, Los Angeles, California, for Appellee.

**OPINION**

CALLAHAN, Circuit Judge:

Lenore Albert appeals the Bankruptcy Appellate Panel's rejection of her attempt to exempt two assets from her estate. We affirm and, in doing so, clarify that a bankruptcy court's prior rejection of claimed exemptions carries preclusive weight, even after *Law v. Siegel*, 571 U.S. 415 (2014). We further hold that the bankruptcy court properly deemed Albert's claims precluded.

I.

Albert petitioned for Chapter 13 bankruptcy and, as relevant here, sought to exempt from her estate counterclaims she had filed in state court against Ford Motor Credit Company, as well as accounts receivable from former clients. In a schedule itemizing these exemptions, Albert listed each asset as worth "$500,000 TBD." She cited California Code of Civil Procedure sections 704.140 and 704.210 as the bases for exempting her counterclaims, and section 704.210 as the basis for exempting her accounts receivable. Section 704.140 allows debtors to keep awards arising from personal-injury suits, provided the money is needed to support the debtor or her dependents. Section 704.210 automatically exempts "[p]roperty that is not subject to enforcement of a money judgment."

The Chapter 13 trustee and Ford, which in addition to defending against Albert's counterclaims was one of her creditors, objected to the exemptions. They argued that Albert had not shown that any recovery from her counterclaims would be necessary for her support, as section 704.140 requires, and that she identified no statute immunizing her assets from the enforcement of a money

judgment, as section 704.210 requires. After a hearing the bankruptcy court sustained the objections, and Albert did not timely appeal those rulings.

Shortly thereafter, the bankruptcy court converted Albert's Chapter 13 proceeding to Chapter 7 and appointed a new trustee, Jeffrey Golden. Golden moved to settle Albert's counterclaims, and Albert amended her exemptions the following month. By and large the amended schedule remained the same as the initial one. Albert again listed her counterclaims and accounts receivable as exempt and valued at $500,000 each. The purported bases for the exemptions likewise went unchanged. But Albert now somehow claimed for herself $1.93 million of her counterclaims' purported $500,000 value.

Golden objected that Albert's amended exemptions were identical to those the court had previously rejected and that, as a result, the doctrines of issue and claim preclusion barred their relitigation. Golden also urged the court to reject Albert's amended exemptions on the merits. Albert then tried to appeal to the BAP the orders sustaining the original objections. She argued that those orders were not final, given that the bankruptcy judge had commented at the hearing that its denial would be without prejudice. The BAP disagreed and dismissed Albert's appeal as untimely—a decision Albert never appealed.

While Albert was belatedly litigating the denial of her initial exemptions before the BAP, she failed to timely oppose Golden's objections to her amended schedule in the bankruptcy court. The night before a hearing on the matter, she submitted a 419-page document incorporating portions of her previous filings. The court declined to consider this late-filed material and denied her amended exemptions, deeming them precluded by dint of their earlier rejection.

Albert unsuccessfully appealed that decision to the BAP. She then appealed to this court.

## II.

We review BAP decisions *de novo*, applying "the same standard of review that the BAP applied to the bankruptcy court's ruling." *In re Boyajian*, 564 F.3d 1088, 1090 (9th Cir. 2009). Accordingly, we review the bankruptcy court's legal conclusions *de novo*, its factual findings for clear error, and its application of issue preclusion for an abuse of discretion. *In re Cherrett*, 873 F.3d 1060, 1064 (9th Cir. 2017); *Dias v. Elique*, 436 F.3d 1125, 1128 (9th Cir. 2006).

## III.

### A.

The filing of a bankruptcy petition creates an estate comprising the debtor's property, including the debtor's claims against third parties. 11 U.S.C. § 541(a); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 709 (9th Cir. 1986). In Chapter 7 proceedings, an appointed trustee liquidates the estate to satisfy creditors. 11 U.S.C. §§ 704(a)(1), 726. The debtor can, however, seek to "exempt" certain assets from the estate, and thus from liquidation, to allow for a "fresh start" after bankruptcy. *Id.* § 522(b)(1); *United States v. Sec. Indus. Bank*, 459 U.S. 70, 72 & n.1 (1982). The Bankruptcy Code lists exemptable property, but since California has opted out of the federal exemptions and promulgated its own, the state's exemptions apply. *See* 11 U.S.C. § 522(b)(2); Cal. Code Civ. Proc. § 703.130; *see also Gladstone v. U.S. Bancorp*, 811 F.3d 1133, 1142 (9th Cir. 2016).

B.

We first address whether bankruptcy courts can deny exemptions simply because they have denied the same exemptions before. The question seems straightforward. After all, the Bankruptcy Code empowers its courts to "issue any order, process, or judgment . . . to carry out" its provisions, 11 U.S.C. § 105(a), and the Supreme Court has long applied preclusion doctrines in the bankruptcy setting, *see, e.g.*, *Katchen v. Landy*, 382 U.S. 323, 334 (1966); *Heiser v. Woodruff*, 327 U.S. 726, 736 (1946). Unsurprisingly, then, the BAP has often invoked the doctrines to reject repeatedly claimed exemptions. *See, e.g.*, *In re Cogliano*, 355 B.R. 792, 802–05 (B.A.P. 9th Cir. 2006); *In re Magallanes*, 96 B.R. 253, 256–57 (B.A.P. 9th Cir. 1988). Albert nonetheless contends that *Law v. Siegel*, 571 U.S. 415 (2014), abrogated those decisions by barring courts from denying exemptions on equitable grounds. In her view, this prohibition includes the judicially created doctrines of issue and claim preclusion.

We disagree, as *Law* involved a markedly different situation. The debtor in that case unquestionably qualified for the disputed exemption under California's exemption statutes. *Id.* at 423, 426. But based on the debtor's misconduct, the bankruptcy court decided to apply the exemption's value to fees the trustee had incurred sorting out the situation. *Id.* at 420. The Supreme Court reversed. Pointing out that the Bankruptcy Code prohibits using exemption funds for administrative expenses like the trustee's fees, the Court held that the bankruptcy court lacked authority to "surcharge" the debtor's exemption. *Id.* at 420–22 (discussing 11 U.S.C. § 522(k)). The Court thus reiterated the "hornbook" rule that the bankruptcy courts' equitable powers must yield to the Code's more specific

mandates.    *Id.* at 421; *accord SEC v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 455 (1940) ("A bankruptcy court . . . is guided by equitable doctrines and principles except in so far as they are inconsistent with the Act."). And because no Code provision bars bankruptcy courts from deeming prior orders preclusive, the conflict animating *Law* is not present here.

Certainly, the Court in *Law* went on to explain that there must be a "valid statutory basis" for refusing to honor a debtor's exemptions. 571 U.S. at 424; *see also id.* ("[C]ourts are not authorized to create additional exceptions [to exemptions]."). But this does not help Albert. In its initial orders, the bankruptcy court determined that her counterclaims and accounts receivable failed to satisfy California's exemption laws. These were final judgments "determin[ing] all issues regarding the claimed exemption[s]." *In re Gilman*, 887 F.3d 956, 961 (9th Cir. 2018) (quoting *In re White*, 727 F.2d 884, 886 (9th Cir. 1984)). As Albert appealed those orders too late to the BAP, and never to this court, they are binding, even if Albert believes them wrongly decided. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong . . . ."). Hence, unlike *Law*, where the debtor was statutorily entitled to the exemption, here Albert, by operation of the earlier orders, is not. Nothing in *Law* prevented the bankruptcy court from giving preclusive effect to that determination.

To hold otherwise would not only undermine the finality of exemption orders, *In re Gilman*, 887 F.3d at 961–64, but would considerably frustrate the trustee's duty to expeditiously close the debtor's estate, *see In re Riverside-*

*Linden Invest. Co.*, 925 F.2d 320, 322 (9th Cir. 1991). Debtors can amend their exemptions as a matter of course, Fed. R. Bankr. P. 1009(a), so if orders denying exemptions carry no preclusive weight, debtors could delay matters by claiming the same property as exempt time and time again. Debtors could also decline to meaningfully press their claims, and creditors would bear the brunt of such behavior, as the relitigation of resolved issues would drain estate—not to mention judicial—resources. Those burdens are precisely what the preclusion doctrines were designed to avoid, *see Taylor v. Sturgell*, 553 U.S. 880, 892 (2008), and they remain available to the bankruptcy courts when ruling on previously denied claims.

C.

Having established that the bankruptcy court *could* disallow Albert's exemptions on preclusion grounds, we turn to whether it properly did so. Because the BAP focused on issue preclusion, we do the same. That doctrine "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination." *Taylor*, 553 U.S. at 892 (internal quotations and citation omitted). To prevail, the party asserting preclusion must show that the earlier issue is "identical to the one which is sought to be relitigated," that the "first proceeding ended with a final judgment on the merits," and that "the party against whom [issue preclusion] is asserted was a party" to the first proceeding. *In re Reynoso*, 477 F.3d 1117, 1122 (9th Cir. 2007) (quoting *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006)).

Golden satisfied these requirements. First, Albert's initial and amended exemptions are legally identical. Her amended schedule sought to exempt the same assets as her earlier one—the counterclaims and accounts receivable—

and it cited to the same California statutes in support—
sections 704.140 and 704.210.  So similar are the claims, in
fact, that Golden incorporated the Chapter 13 trustee's
earlier arguments into his brief opposing Albert's amended
exemptions, and Albert herself imported parts of her prior
filings into her later one.  Second, the bankruptcy court's
initial, unappealed orders denying Albert's exemptions were
final orders establishing the parties' rights as to the assets in
question.[1]  *See In re Gilman*, 887 F.3d at 961–64; *see also*
*Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.*, 114 F.3d
848, 851 (9th Cir. 1997) (predicating preclusion on an
unappealed, but appealable, order).  And third, Albert was
obviously a party to the proceeding in which her claims had
originally been rejected.

Albert asserts, however, that the issues are not identical
because her amended schedule claimed for herself $1.93
million, rather than "$500,000 TBD," following Golden's
settlement of her personal-injury claims against Ford.  It is
unclear where she got this number, considering that Ford
settled for $167,500, but the change is immaterial.  Whatever
the estimated value of Albert's counterclaims, she had to
show that the amount she claimed as exempt would be
necessary for her support.  *In re Gose*, 308 B.R. 41, 47–48
(B.A.P. 9th Cir. 2004).  Moreover, "the nature and extent of
a debtor's exemption rights are determined as of the date of
the [bankruptcy] petition."  *In re Reaves*, 285 F.3d 1152,
1156 (9th Cir. 2002) (quoting *In re Herman*, 120 B.R. 127,
130 (B.A.P. 9th Cir. 1990)).  So regardless of whether the
claims remained contingent or had been reduced to a

---

[1] Albert insists that the bankruptcy court's initial orders were not
actually final.  We need not dwell on this argument because the BAP
rejected it, and Albert never appealed that decision.  She cannot
collaterally attack it now.  *See In re Liu*, 611 B.R. 864, 881 (B.A.P. 9th
Cir. 2020).

settlement post-petition, Albert's interest in them remained the same.

## IV.

In conclusion, we do not read *Law* as undermining the bankruptcy courts' ability to invoke issue and claim preclusion as bases for rejecting previously denied exemptions. The BAP's order affirming the bankruptcy court's denial of Albert's amended exemptions is therefore **AFFIRMED.**