**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE: JOHNIE LEE NANCE,
DEBTOR

LAWRENCE J. WARFIELD,
Chapter 7 Trustee,

*Plaintiff - Appellee,*

v.

JOHNIE LEE NANCE,

*Defendant - Appellant.*

No. 24-2745

D.C. No.
2:23-cv-00504-
DWL

OPINION

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Argued and Submitted March 28, 2025
Phoenix, Arizona

Filed October 14, 2025

Before: Marsha S. Berzon and Mark J. Bennett, Circuit

Judges, and Joan H. Lefkow, District Judge.[*]

Opinion by Judge Lefkow

---

### SUMMARY[**]

---

### Bankruptcy

The panel (1) reversed the district court's judgment reversing the bankruptcy court's order granting exemptions to Chapter 7 debtor Johnie Lee Nance; and (2) remanded to the district court with instructions to vacate its decision and remand to the bankruptcy court.

The bankruptcy court granted Nance a federal homestead exemption from property of the bankruptcy estate under 11 U.S.C. § 522(d)(1) for real property located in Arizona and a wildcard exemption under § 522(d)(5) for a recreational vehicle. Nance had twice amended his schedule of exemptions after the bankruptcy court had sustained the chapter 7 trustee's objections to his previously claimed exemptions under the homestead exemptions of Arizona and Washington law.

Agreeing with the Eighth Circuit, the panel held that the doctrine of claim preclusion did not bar Nance from amending the schedule of exemptions to seek a federal

---

[*] The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

exemption after the bankruptcy court ruled that the previously claimed state exemptions were unavailable. Because the federal bankruptcy exemption could not have been raised or tried simultaneously with the exemption brought under Washington law, there was no identity of claims and so no claim preclusion.

The panel also held that the bankruptcy court did not exceed its authority by granting the wildcard exemption even though Nance had not correctly claimed it and had listed the recreational vehicle under § 522(d)(1) rather than (d)(5).

**COUNSEL**

Terry A. Dake (argued), Terry A. Dake Ltd, Phoenix, Arizona, for Plaintiff-Appellee.

April Maxwell (argued), Maxwell Law Group, Mesa, Arizona; Krystal M. Ahart, Kahn & Ahart PLLC, Phoenix, Arizona; for Defendant-Appellant.

James J. Haller, Law Office of James J. Haller, Mundelein, Illinois, for Amici Curiae National Consumer Bankruptcy Rights Center and National Association of Consumer Bankruptcy Attorneys.

## OPINION

LEFKOW, District Judge:

This appeal arises from the judgment of the district court reversing the judgment of a bankruptcy judge in a case filed under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq*.[1]  The issues before us are (a) whether the doctrine of claim preclusion bars a debtor from amending the schedule of exemptions from property of the estate after the bankruptcy court has ruled that previously claimed exemptions are unavailable; and (b) whether the bankruptcy court exceeded its authority by granting an exemption the debtor had not correctly claimed.  We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1).  Because claim preclusion does not bar Nance's amendment and the bankruptcy court did not abuse its discretion when it granted the exemption, we reverse.

## BACKGROUND

In May 2022, Johnie Lee Nance filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Arizona.  On an official form, Schedule C, he chose "state and federal nonbankruptcy exemptions" and identified certain real property located in Arizona and a recreational vehicle (RV) as exempt from the property of the estate under the homestead exemption of Arizona law.  The estate's trustee, Lawrence J. Warfield, objected.  Nance amended his schedule to claim the same property as a homestead exemption under Washington law.  Warfield

---

[1] References to statutory sections are to the Bankruptcy Code unless otherwise indicated.  References to rules are to the Federal Rules of Bankruptcy Procedure.

objected to the Washington exemptions, and the court sustained both objections, noting Nance's failure to oppose the objections. Approximately a month later, Nance amended his Schedule C a second time, electing "federal exemptions" and claiming the Arizona real property and the RV as a homestead exemption under federal law. § 522(d)(1).

The third homestead exemption Nance claimed is a default exemption in the Bankruptcy Code. The Code specifies a list of property a debtor may exempt from the estate, including property exempted under state law homestead exemptions. *See* § 522(b)(3). The so-called hanging paragraph of § 522(b)(3) provides that, should a debtor be ineligible for any state or local law-based exemption due to applicable domiciliary requirements, a debtor can instead claim exemptions listed under § 522(d). Relevant to this case are the federal homestead exemption, § 522(d)(1), which Nance claimed when amending Schedule C for the second time, and the federal wildcard exemption, § 522(d)(5). Section 522(d)(1) allows a debtor to exempt, up to a specified dollar amount, "real property or personal property that the debtor or a dependent of the debtor uses as a residence." § 522(d)(1). Section 522(d)(5), in turn, allows a debtor to exempt "any unused amount of the exemption" that the debtor did not claim under Section 522(d)(1). § 522(d)(5).

After a hearing on Nance's second Schedule C amendment, the bankruptcy court ruled orally as follows:

> Because the Debtor is ineligible for both Washington and Arizona exemptions, the hanging paragraph of Section 522(b)(3) allows a debtor to claim the federal

> exemption on his real property under 522. . . . The Trustee [has] failed to demonstrate how the Debtor's amending of the schedules was not within his right under the Federal Rule of Bankruptcy Procedure 1009(a). The Debtor amended his schedules in a seemingly honest effort to resolve the objection . . . . Furthermore, because the Debtor has a right under Federal Rule of Bankruptcy Procedure 1009(a) to amend the schedules as a matter of course at any time before the closing of the case, the Debtor did not prejudice the Trustee by doing so in [an] attempt to resolve the Trustee's previous objections.

In addition, the court ruled that Nance was entitled to the federal wildcard exemption, § 522(d)(5), even though he had listed the RV on his federal schedule as a homestead exemption rather than under the wildcard exemption. To Warfield's objection that Nance had claimed the RV under § 522(d)(1) rather than (d)(5), the bankruptcy judge responded, "He claimed it. He doesn't have to give the basis that it's 522(d)(1) plus 522(d)(5). He has to make the claim. . . . I find that it falls within the federal statutory scheme."

Warfield appealed to the district court. The district court held that "the bankruptcy court was prohibited under the doctrine of claim preclusion from allowing [Nance] to assert *any* federal exemptions in the Property and RV[.]" The district court also determined that the bankruptcy court "lacked authority to grant the federal wildcard exemption for

[Nance's] RV when [Nance] did not raise that exemption himself." Nance timely filed a notice of appeal.

## STANDARD OF REVIEW

In appeals of bankruptcy cases, "[w]e independently review the bankruptcy court's decision and do not give deference to the district court's determinations. We review the bankruptcy court's conclusions of law de novo, and its findings of facts for clear error." *In re Baroni*, 36 F.4th 958, 965 (9th Cir. 2022) (citation modified). Preclusion rulings are reviewed de novo. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988). We review a court's adherence to the principle of party presentation for abuse of discretion. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) ("[W]e now hold that the appeals panel departed so drastically from the principle of party presentation as to constitute an abuse of discretion.").

## DISCUSSION

### I. Claim Preclusion

In bankruptcy cases, "an order denying an exemption constitutes a final appealable order." *In re Gilman*, 887 F.3d 956, 961 (9th Cir. 2018) (citing *Preblich v. Battley*, 181 F.3d 1048, 1056 (9th Cir. 1999)); *see, e.g.*, *In re Cogliano*, 355 B.R. 792, 803 (B.A.P. 9th Cir. 2006) ("The order denying [the debtor's] … claim of exemption was a final order in a contested matter: functionally, a judgment."). We have held that where the requirements for claim or issue preclusion are otherwise met, unappealed orders denying exemptions are entitled to preclusive effect in later bankruptcy court proceedings. *In re Albert*, 998 F.3d 1088, 1092 (9th Cir. 2021).

"[C]laim preclusion[] bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).  For claim preclusion "to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." *Glickman*, 123 F.3d at 1192.  Only identity of claims is at issue here.  We consider four criteria to determine whether there exists an "identity of claims": "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).  Whether two suits arise from the same transactional nucleus of facts "depends upon 'whether they are related to the same set of facts and *whether they could conveniently be tried together.*'" *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010) (emphasis in original) (quoting *W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992)).

Nance contends that his federal exemption claim is not precluded because he could not have litigated the federal claim along with his earlier-filed state homestead exemption claims.  In support, he points to the Bankruptcy Code, Rules, and official forms, all of which prohibit presenting parallel state and federal exemption claims in a single filing.  Given that prohibition, Nance argues, he could not have raised the federal exemption while the state exemptions were under consideration.  Warfield does not dispute that bankruptcy filings must be made on official forms, Fed. R. Bankr. P.

9009; that Schedule C requires debtors to indicate whether they will claim "state and federal non-bankruptcy exemptions" *or* "federal exemptions"; and that a debtor may choose "one only." He argues that, nonetheless, once any exemption has been denied, the debtor may not claim an exemption for the same property under federal bankruptcy law by filing an amended Schedule C.

The Eighth Circuit addressed such successive exemption claims in *In re Ladd*, 450 F.3d 751 (8th Cir. 2006).[2] There, the debtor initially claimed a farm as exempt under the federal exemptions. *Id.* at 753. The trustee objected, and the bankruptcy court entered a default order denying the federal exemption. *Id.* Fifteen months later, the debtor amended Schedule C, claiming the farm as exempt under Minnesota law. *Id.* Following the trustee's objection, the bankruptcy court determined that claim preclusion barred the new exemption claim, and the Bankruptcy Appellate Panel agreed. *Id.* The Eighth Circuit reversed. *Id.* at 753–54.

The court reasoned primarily that, because the proof of the claim for the Minnesota exemption was based on acreage, and the proof for the federal claim was the value of

---

[2] Warfield argues that this specific argument, grounded in the limitation on simultaneous exemption claims and related policy considerations, should not be considered on appeal because Nance failed to raise it with the district court. But the issue of claim preclusion, including the applicability of *Ladd*, was the central focus of the proceedings in the bankruptcy court and in the district court on appeal. The bankruptcy court was "adequately apprise[d]" of Warfield's claim preclusion position, *In re Rains*, 428 F.3d 893, 902 (9th Cir. 2005), and the district court addressed the issue in its subsequent order, so we may consider it here. *See id.* "Once a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below." *Yee v. City of Escondido, Cal.*, 503 U.S. 519, 534 (1992).

the property, the two did not arise from the same nucleus of facts. *Id.* at 754. But it went on to stress that "debtors could not have raised the Minnesota exemption as an 'alternate' theory at the same time the federal exemption was asserted," because, among other reasons, Schedule C does not allow pleading state and federal homestead exemptions in the alternative. *Id.* at 755 (citing *In re Cochrane*, 178 B.R. 1011, 1017–18 (Bankr. D. Minn. 1995)).[3]

We agree with *Ladd* that § 522(b)(1) and Schedule C prohibit raising state and federal homestead exemptions on a single schedule. Section 522(b)(1) states that a debtor may exempt property listed "in either paragraph (2) [federal exemptions], or *in the alternative*, paragraph (3) [state and federal non-bankruptcy exemptions]" of the provision. § 522(b)(1) (emphasis added). And Part 1 of Schedule C, which a debtor must use to claim exemptions, allows a debtor to claim *either* "state and federal nonbankruptcy exemptions" or "federal exemptions," but not both:

Official Form 106C

**Schedule C: The Property You Claim as Exempt**                         4/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

**Part 1:**   Identify the Property You Claim as Exempt

1.  **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

■ You are claiming state and federal nonbankruptcy exemptions.   11 U.S.C. § 522(b)(3)

☐ You are claiming federal exemptions.   11 U.S.C. § 522(b)(2)

---

[3] The bankruptcy court in *In re Cochrane* found "no basis under the Federal Rules of Bankruptcy Procedure for proposing an 'alternative' claim of exemptions at the same time as one asserts a 'main' claim in a Schedule C." 178 B.R. at 1017.

"A debtor must list the property claimed as exempt under § 522 on Form 106C filed under Rule 1007." Fed. R. Bankr. P. 4003(a). *See also* Fed. R. Bankr. P. 1007(b)(1)(A); *Cochrane*, 178 B.R. at 1018 (noting that the Federal Rules of Bankruptcy Procedure maintain a "clear purpose": "to provide a procedural framework for the raising of exemption issues one at a time, and not two-or-more at a time").

Accordingly, given the preclusion in bankruptcy of simultaneous state and federal claims of exemption, there can be no claim preclusion here. We explained in *ProShipLine Inc.* that the transactional nucleus criterion requires us to determine whether the two actions "are related to the same set of facts and *whether they could conveniently be tried together*." 609 F.3d at 968 (emphasis in original) (citation omitted). We accordingly declined to apply claim prelusion because, under admiralty law, the district court was "completely unable to entertain a claim seeking admiralty attachment of property on board a vessel" located in another district and therefore "could not have been tried in the [first action] at all, much less conveniently." *Id.* In other words, in addition to factual similarity between the actions, the *availability* of a claim in an earlier proceeding is a necessary condition to claim preclusion. Here, the federal claim could not have been tried with the Washington (or Arizona) claim, so no degree of similarity between the state and federal exemption statutes could result in claim preclusion.

The same principle underlies a well-established, general exception to claim preclusion. The doctrine "does not apply" if

> [t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy

or form of relief in the first action because of
… restrictions on [the courts'] authority to
entertain multiple theories or demands for
multiple remedies or forms of relief in a
single action, and the plaintiff desires in the
second action to rely on that theory or to seek
that remedy or form of relief.

*Harris v. Cnty. of Orange*, 682 F.3d 1126, 1133 (9th Cir.
2012) (quoting Restatement (Second) of Judgments
§ 26(1)(c) (1982)). This exception is in place because claim
preclusion assumes that "the jurisdiction in which the first
judgment was rendered was one which put no formal barriers
in the way of a litigant's presenting . . . the entire claim,
including any theories of recovery or demands for relief that
might have been available to him under applicable law." *Id.*
(quoting Restatement (Second) of Judgments § 26(1)(c) cmt.
c (1982)).

The principle that there cannot be claim preclusion
where two theories for relief could not be raised together
illustrates why Warfield's reliance on *In re Albert* as to the
application of preclusion doctrine to exemptions in
bankruptcy is unavailing. *Albert*, after holding that
preclusion principles apply in bankruptcy court to
unappealed exemption claims, 998 F.3d at 1092, turned to
the application of those principles in the case before it.
Doing so, *Albert* affirmed a bankruptcy appellate panel's
ruling that a bankruptcy court had properly denied a debtor's
amended exemptions on issue preclusion grounds. *Id.* at
1093. *Albert* determined that the debtor's initial and
amended exemptions were "legally identical," because each
claimed the same assets and cited the same California

statutes in support.[4] *Id*. *Albert* involved issue preclusion, not claim preclusion. Also, the earlier exemptions and later claims invoked the same state statute, so the debtor's amended exemption claims "could have been raised in the prior action." *Glickman*, 123 F.3d at 1192.

As Warfield notes, we have held "that an order denying an exemption constitutes a final appealable order." *Gilman*, 887 F.3d at 961. But a final judgment on the merits is only one element of claim preclusion. *Mpoyo*, 430 F.3d at 987. Whether there was a final judgment does not bear on whether Nance's state and federal exemption schedules could have been raised in the prior action. For the reasons we have stated, they could not have been.

Our determination is further supported by significant policy interests. The Bankruptcy Code is constructed to "preserv[e] debtors' ability to meet their basic needs and ensur[e] that they have a 'fresh start.'" *Clark v. Rameker*, 573 U.S. 122, 130 (2014) (quoting *Rousey v. Jacoway*, 544 U.S. 320, 325 (2005)). The House and Senate Reports accompanying the Bankruptcy Code reaffirm that § 522 was drafted to permit a debtor "to make full use of the exemptions to which he is entitled under the law." *In re Cataldo*, 224 B.R. 426, 429 (B.A.P. 9th Cir. 1998) (quoting S. Rep. No. 95–989, at 76 (1978); H.R. Rep. No. 95–595, at

---

[4] *In re Bryan*, 466 B.R. 460 (8th Cir. B.A.P. 2012) and *In re Magallanes*, 96 B.R. 253 (9th Cir. B.A.P. 1988) are similarly off-point because they involve exemptions that could have been raised in the first action. *Bryan*, 466 B.R. at 466 ("[E]ven though a party could not claim the same property as exempt under state law and Bankruptcy Code exemptions at the same time, the Debtor could (and did) claim the Annuity as exempt under multiple state statutes at once."); *Magallanes*, 96 B.R. at 254–55 (amending schedule to claim exemptions under different provisions of the California Code of Civil Procedure).

361 (1977)).  Moreover, "[e]xemption statutes in bankruptcy law should be construed liberally in favor of the debtor."[5]  *In re Tober*, 688 F.3d 1160, 1163 (9th Cir. 2012) (quoting *Cataldo*, 224 B.R. at 429).  These debtor-friendly directives support the result we reach—allowing resort to the federal bankruptcy exemption where invocation of non-bankruptcy exemptions fails and the debtor proceeded properly in raising each sequentially.

Our conclusion also finds explicit support in the Rules, which instruct that a debtor may amend their schedule "at any time before the case is closed."  Fed. R. Bankr. P. 1009(a); *see also In re Seiferth*, No. 3:23-BK-08817-DPC, 2024 WL 3658760, at *4 (Bankr. D. Ariz. Aug. 5, 2024) (concluding that claim preclusion did not apply to debtor's vehicle exemption in part because debtor relied on Rule 1009(a), which "permits debtors to amend their schedules at any time in the bankruptcy process").  While Rule 1009(a) may not "vitiate the preclusive effect of the bankruptcy court's prior final rulings," *In re Albert-Sheridan*, No. 8:18-BK-10548-ES, 2019 WL 7372667, at *6 (B.A.P. 9th Cir. Dec. 18, 2019), *aff'd sub nom. In re Albert*, 998 F.3d 1088, it informs the suitability of claim preclusion here.  *See In re Enewally*, 368 F.3d 1165, 1172–73 (9th Cir. 2004) ("[I]n the

---

[5] Contrary to Warfield's argument, statutory construction is relevant to our conclusion.  Claim preclusion "does not apply" where "it is the sense of the scheme that the plaintiff should be permitted to split his claim."  Restatement (Second) of Judgments § 26(1)(d) (1982).  As we have explained, the Bankruptcy Code provides exactly such a "sense," in part given its use of the disjunctive "or."  § 522(b)(1) ("[A]n individual debtor may exempt . . . the property listed in either paragraph (2) *or, in the alternative,* paragraph (3) of this subsection.") (emphasis added).  The statutory text, and our mandate to liberally construe bankruptcy exemptions, counsels against applying claim preclusion.

unique bankruptcy context, the principle of res judicata should be invoked only after careful inquiry because it blocks unexplored paths that may lead to truth.") (quotation omitted) (cleaned up). When a litigant is prevented from raising a claim, "no interests are served by precluding that claim in later litigation." *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992).

We therefore hold that, because the federal bankruptcy exemption could not have been raised or tried simultaneously with the exemption brought under Washington law, there is no identity of claims here and so no claim preclusion. The district court thus erred when it concluded that claim preclusion barred Nance's federal bankruptcy exemptions.

## II. Wildcard Exemption

Nance next argues that the district court erred when it concluded that the bankruptcy court improperly granted him an exemption for his RV under the federal wildcard exemption. § 522(d)(5). We agree.

"In our adversary system . . . we follow the principle of party presentation." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). "That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Id.* Nevertheless, "[t]he Supreme Court has made clear that in adjudicating a claim or issue pending before us, we have the authority to identify and apply the correct legal standard, whether argued by the parties or not." *Thompson v. Runnels*, 705 F.3d 1089, 1098 (9th Cir. 2013) (citing *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991)). The court "'retains the independent power to identify and apply the proper construction of governing law,' and is free to 'consider an

issue antecedent to . . . and ultimately dispositive of the dispute before it, even an issue the parties fail to identify and brief.'" *Id.* (quoting *Kamen*, 500 U.S. at 99; *U.S. Nat'l Bank of Oregon v. Ind. Ins. Agents of Am., Inc.*, 508 U.S. 439, 447 (1993)).

Warfield correctly objected to Nance's claim that both his real property and the RV are exempt as a homestead. But the wildcard exemption allows debtors to exempt an "unused amount of the [federal homestead] exemption provided under paragraph (1) of this subsection." § 522(d)(5). The bankruptcy judge calculated that Nance was entitled to $27,900 as homestead exemption; he claimed only $5,000 for his real property, which left $22,900 in unused homestead exemption. The bankruptcy court allowed Nance to exempt the RV as a portion of the leftover amount.[6] Warfield insisted that the court could not allow the RV to be exempted as wildcard property because Nance had not pointed to the wildcard exemption as a basis for exempting the RV. The bankruptcy judge countered that Nance did claim the RV as exempt (although as homestead on the schedule). The bankruptcy court identified the "proper construction" of the federal statutory scheme that entitled Nance to exempt the RV. *See Runnels*, 705 F.3d at 1098 (citation omitted). Granting the exemption thus identified was an appropriate exercise of discretion.

We agree with Warfield that courts have declined to grant, *sua sponte*, unclaimed exemptions. Indeed, debtors carry the burden of claiming exemptions. *See* Fed. R. Bankr. P. 4003(a). But certain rules of adversarial litigation are applied "more flexibly in the bankruptcy context to reflect

---

[6] Nance also asserted the federal wildcard exemption as to several assets on the Schedule C form.

the reality that bankruptcy proceedings are not precisely analogous to normal adversary litigation." *In re Perez*, 30 F.3d 1209, 1213 (9th Cir. 1994).

"[A] disputed exemption claim is a contested matter," *Cogliano*, 355 B.R. at 801 (citing *In re Garner*, 246 B.R. 617, 623 (9th Cir. B.A.P. 2000)), not an adversary proceeding. Adversary proceedings are governed by the rules established in Part VII of the Bankruptcy Code, which parallel the normal litigation rules. *See* Fed. R. Bankr. P. 7001; *Perez*, 30 F.3d at 1213 n.4. But in contested matters bankruptcy courts have more discretion. *See* Fed R. Bankr. P. 9014(c) ("At any stage of a contested matter, the court *may* order that one or more other Part VII rules apply.") (emphasis added).

The Bankruptcy Code also contains directives that empower bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." § 105(a); *see also In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."). Moreover, the two exemptions the bankruptcy court granted are inherently interwoven. The wildcard exemption draws on funds available if other exemptions use up less than the dollar amount available for them. The failure to cite the wildcard subsection while claiming the RV as an exemption in a particular amount was therefore a technical pleading error, not a failure to make an entirely discrete claim.

We review the bankruptcy court's action with an eye toward these principles and the connection between the two exemptions granted. The bankruptcy court appropriately

identified the wildcard exemption within the governing
federal scheme.

## CONCLUSION

We reverse the district court's judgment as to claim
preclusion and the applicability of the federal wildcard
exemption. We remand to the district court with instructions
to vacate its decision and remand to the bankruptcy court for
proceedings consistent with this opinion.

**REVERSED AND REMANDED.**